# JOHN A. SERVIDER

ATTORNEY AT LAW
65-12 69th Place
Middle Village, New York 11379
(718) 894-6300
FAX (718) 894-4417

April 7, 2014

VIA OVERNIGHT MAIL
VIA ELECTRONIC FILING

United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Attn: Honorable Victor Marrero

RE: UNITED STATES OF AMERICA vs. WILLIAM PAZIENZA
Indictment #: S1-11-CR-614

SENTENCING MEMORANDUM

Dear Judge Marrero:

As you are aware, my office represents the above referenced individual scheduled for sentencing on Friday, April 11, 2014.

On October 21, 2013 Mr. Pazienza pled guilty to Count 1 of the indictment before Honorable Frank Maas. Mr. Pazienza allocated to the following:

    1)    From 2008 through 2011, William Pazienza agreed with others to bring women to New York City on illegal Visa's and the women worked even though they were Alien's and it was illegal to be employed. Basically, the offense activity in relation to immigration and Visa fraud.

Based upon a Total Offense Level of 16 and a Criminal History Category of I, the advisory guideline custody range suggested by the Department of Probation is 21 to 27 months, with a recommended sentence by the Department of Probation to 21 months.

However, in connection with the Court's present determination, *"it is uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate....the crime and the punishment to ensue"*. United States v. Koon, 116 S.Ct. 2035 at 2053 (1996).

In light of the foregoing and the discussion which follows, we respectfully request the Court consider a non-guideline disposition in the instant matter pursuant to 18 U.S.C. §3553(a) and sentence Mr. Pazienza to one (1) year home confinement.

## APPLICATION FOR A REASONABLE NON-GUIDELINE SENTENCE PURSUANT TO 18 U.S.C. §3553(a)

As the Court is undoubtedly aware, application of the United States Sentencing Guidelines is now advisory in the wake of Booker and its progeny. Several factors enumerated in 18 U.S.C. §3553(a) should thus be considered and weighed in fashioning an appropriate sentence. See Booker, 543 U.S. at 245-46, 264-55; United States v. Crosby, 397 F. 3rd 103 (2nd Cir. 2005).

In addition to considering the Guidelines and Policy Statements set forth in §3553(a), the Court must also consider the following factors:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed including:
    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)     to protect the public from further crimes of the defendant;
    (C)     to provide the defendant with needed...medical care or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

These §3553(a) factors focus on the defendant as an individual and stand in stark contrast to the mandates of U.S.S.G. Chapter 5, Part H

("Specific Offender Characteristics") which, absent extraordinary circumstances, forbid the Court's consideration of a defendant's personal characteristics and history.

Thus, sentencing Courts are now *"required to consider a host of individual variables and characteristics excluded from those calculations called for by the Guidelines"*. United States v. West, 353 F. Supp. 517 (S.D.N.Y. 2005). Moreover, *"consideration of the §3553(a) factors is not a cut and dried process of fact finding and calculation, instead a district judge must*

*contemplate the interplay among so many facts in the record and the statutory guideposts".* United States v. Fernandez, 443 F. 3rd 19 (2nd Cir. 2006).

Hence, the guidelines are no longer obligatory and courts no longer need a justification for sentencing a defendant based on factors that are outside the "heartland" of cases. As such, we respectfully request the Court consider the following factors in connection with its fashioning of an appropriate sentence in the instant matter.

**I)    William Pazienza Criminal History.**

At 67 years of age, William Pazienza possesses a criminal history of Category 1.

28 U.S.C. § 994(i) notably directed the Sentencing Commission to keep in mind *"the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant who has not been convicted of a crime of violence or an otherwise serious offense..."*

While neither Mr. Pazienza nor defense counsel wish to be interpreted as trivializing the instant matter, we are compelled to note the Department of Probation's Presentence Report ("PSR") states that Mr. Pazienza did not impede or obstruct justice at the time of his arrest, during the investigation or prosecution of the offense. Furthermore, he accepted his responsibility in a timely fashion and Mr. Pazienza has shown recognition of his responsibility for the offense.

**II)    William Pazienza Possesses Relevant Family Circumstances.**

Please review the letter of William Pazienza, Jr. (attached as Exhibit "A") wherein he states *"he has helped them through college and to this day remains close and dedicates his time and efforts to make sure that his kids have happy and successful lives. He instilled values of hard work and perseverance."*

Mr. Pazienza's son Louis Pazienza, explained in his letter to the Court (attached as Exhibit "B") *"because I look up to him not only because he is my father, but because he has led me to the right path, we wants me to make the right decisions and not for me to make the same mistakes he has done in the past."*

Attached as Exhibit "C" is a letter from Ernest J. Naspretto, a retired New York City Police Captain; I believe that his biography in law enforcement is unblemished and speaks for itself. He has known Mr. Pazienza for the last ten (10) years and he has grown to know the type of person Mr. Pazienza is and states *"as a taxpayer, I must also suggest that incarceration and its ensuing costs simply are not pragmatic. I cannot see how society is protected by incarcerating someone like Willie Pazienza. Based on his demeanor and his reputation among virtually all people who know him, I think it is safe and reasonable assumption that he will not engage in any future illegal activities."*

In addition, the Pre-Sentence Investigation Report states that Mr. Pazienza *"is not a danger to the community."*

There is a detailed letter from City Councilmember, Eric Ulrich, (attached as Exhibit "D") wherein he states *"I have known the defendant for the past seven years and consider him a personal friend. On more than one occasion, I have witnessed his fatherly-like demeanor and overall good character. In my honest estimation, Mr. Pazienza is a kind person and devoted family man. In fact, my regular conversations with him revolve around his concern for the well-being of his children and other relatives. This, I believe, is the true measure of a man. Mr. Pazienza is also a very good friend to many. He is the type of person who will go out of his way to help someone in need and is always there to listen or give good advice and not ask for anything in return. I know that upon accepting responsibility for the charges he is facing, he will be sorely missed."*

There is a detailed letter from E. Abel Arcia, (attached as Exhibit "E") wherein he states *"I am a 51 year old former Brooklyn Prosecutor who has been in private general practice for almost 20 years and I have never before written to a Judge on behalf of a defendant I nether accused or defended. I feel compelled to explain why I am doing this...."*
*"I know that Your Honor is sentencing this man and that my insight may help you decide what is appropriate. This man is helping those who have eyes and who believe in the power of rehabilitation. This man has moved me and has awakened the faith in good and in our system. I respectfully request that Your Honor consider a non-jail sentence for this elderly man as I have witnessed strong positive traits in him that are of benefit to our society."*

A Defendant's familial responsibilities are a necessary and permissible factor in considering leniency in sentencing. U.S.S.G §5H1.6; see also United States v. Gaskill, 991 F2nd 82 (3rd Cir. 1993 (*noting defendant provided only realistic source of care of infirm family member*); United States v. Alba, 933 F 2d 1117 (2nd Cir. 1991).

This philosophy is predicated upon the fact that the *"family circumstances caselaw of this and other circuits recognizes that courts should...attempt to build procedures, dispositions, and structures that foster extended family responsibilities"*. United States v. Rose, 885 F. Supp. 62, 63 (E.D.N.Y. 1995).

Mr. Pazienza family unit as described above would be the intended beneficiaries of any leniency provided by this Court on family circumstances grounds inasmuch as they are dependent and need the defendant's devotion and commitment. United States v. Londono, 76 F. 3d 33, 36 (2nd Cir. 1996) (Court of Appeals *"recognized that a defendant's family responsibilities may present such extraordinary circumstances that a downward departure is necessary and permissible"*).

In instances such as this, the reduction or elimination of time to be served in prison allows a defendant to continue to discharge his existing family responsibilities and avoids potentially relegating members of his family to public assistance. See e.g. United States v. Rivera, 994 F 2d 942 (1st Cir. 1993); United States v. Alba, 993 F. 2d 1117 (2nd Cir. 1991); United States v. Johnson, 964 F. 2d 124 (2nd Cir. 1992). Leniency under these circumstances serves to *"reduce*

*the destructive effects that incarceration of a defendant may have on innocent third parties".* United States v. Milikowsky, 65 F. 3rd 4 (2nd Cir. 1995).

In light of the above, we respectfully submit that Mr. Pazienza possesses exceptional familial responsibilities which are relevant to this Court's fashioning of an appropriate sentence.

### III) William Pazienza's Medical Condition.

Mr. Pazienza has a primary physician and a cardiologist. He suffered a stroke in 2003 and is currently taking Plavix and Cumadin, both which are blood thinners. The result of the stroke has caused him to suffer memory loss. In addition, he was diagnosed with Arterial Fibrillation, a condition which causes the normal heart rhythm to change, sometimes resulting in the hearts inability to pump enough blood. Additionally he was diagnosed with high blood pressure and high cholesterol and takes three (3) to four (4) medications related to his heart problems and another two (2) to three (3) medications related to the high blood pressure and cholesterol.

### IV) William Pazienza's Pre-Trial Confinement.

That on November 30, 2011, Mr. Pazienza was subject to home detention with electronic monitoring. He was unable to leave his house for any matter other than attorney meetings, court appearances, medical emergencies and religious services. Menial chores, such as food shopping, haircut, purchasing clothes, were beyond his ability. The home detention with electronic monitoring was from November 30, 2011 until December 12, 2012. Wherein the conditions of the home detention were modified to add a curfew where Mr. Pazienza can leave his home between the hours of 8:00 a.m. to 8:00 p.m. Mr. Pazienza has demonstrated his acceptance and responsibility in connection with this instant matter and has received 29 months of home confinement. At this point in time, any incarceration should not be warranted.

In addition, Mr. Pazienza was sentenced to incarceration and the Probation Report has set forth that he is a good candidate for voluntary surrender, due to the fact that he has kept all of his court appearances and was in compliance with all terms and conditions in the pre-trial release. He is not viewed as a flight risk or a danger to the community.

Supervision should not be considered an act of leniency due to the fact that there is a substantial restriction on freedom. Gall v. United States, No. 06-7949 (December 10, 2007) (rejecting appellate rule that requires extraordinary circumstances to justify a sentence outside the Guidelines range as well as the use of rigid mathematical formulas).

     As memorialized in the Presentence Investigation Report, Mr. Pazienza was entirely compliant with the terms and conditions of his Court-monitored Home Confinement and was incident free.

     In the light of the foregoing, we submit that a sentence of One (1) Year Home Confinement would be fair and reasonable non-guidelines sentence in light of the factors set forth in 18 U.S.C. §3553(a). We respectfully submit that a protracted custodial sentence of this particular defendant would only be unduly harsh and far more harmful than warranted.

### V.     Conclusion.

The Sentencing Commission itself has *"stressed the difficulty of prescribing a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing decision"*. United States v. Merritt, 988 F 2d at 1309 (2nd Cir. 1993) [quoting U.S.S.G. Guidelines Manual, Ch. 1, Pt. A, intro. Cmt. 4(b)].

Cognizant of this fact, the 2nd Circuit poignantly pronounced in United States v. Lara, 905 F. 2d 599, 604 (2nd Cir. 1990) that *"it was not Congress' aim to straightjacket a sentencing court, compelling it to impose sentences like a robot inside a glass bubble, and preventing it from exercising discretion, flexibility and independent judgment"*.

We thank you for your continued consideration in this matter.

                                                   Respectfully Submitted,

                                                   John A. Servider, Esq.

cc:    A.U.S.A. Jonathan Cohen

April 2, 2014

United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Attn: Honorable Victor Marrero

RE: UNITED STATES OF AMERICA vs. WILLIAM PAZIENZA
Indictment #: S1-11-CR-614

Dear Honorable Marrero:

    I am writing this letter on behalf of my father, William Pazienza, Sr., and my best friend. As a child, I always wanted to be like my father and I stand by those words today.
    My father is one of the most generous people I know. He has sacrificed his life for his kids and his family. All of my siblings have either completed or are currently enrolled in college; all of this is thanks to my father.
    My mother, Olga Fernandez, had two daughters before she met my father and gave birth to me. My father raised my sisters as if they were his own daughters. He helped them through college and to this day they remain close. He dedicated his time and efforts to make sure his kids have happy and successful lives. He instilled values of hard work and perseverance in us.
    I know that if my father were to be incarcerated, his family would be devastated. The truth is, we need him just as much as he needs us. I ask that Your Honor continue his home confinement.

    Thank you so much for taking the time to read this letter.

Respectfully yours,

*[signature]*
WILLIAM PAZIENZA, Jr.



Dear Honorable Judge,

My name is Louis Pazienza and I am writing this letter on behalf on my father William Pazienza. I am the oldest of four children (Vera Ann, William Jr. and Vincent) and would like you to know that my father is a good person. He has always been there for us and not only for us but for a lot of people. For me my father is a great man that I look up too, not only because he's my father but because he has lead me to the right path, he wants me to make the right decisions and not for me to make the same mistakes he has once done in the past. My father is my motivation for me to keep moving forward and not to give up and achieve my goals no matter what happens. He made not verbally say how he feels but his actions speak for themselves. I am asking on behalf of my brothers and sister that you will give consideration in making the right decision and that you will take into consideration that my father is not a bad person.

Thank You for your time and consideration

Sincerely,

*Louis Pazienza*

Louis Pazienza

*Ernest J. Naspretto*
67-25 Dartmouth Street, apt. 5K
Forest Hills, NY 11379
(718) 261-4971
ejn7204ejn@aol.com

February 3, 2014

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Your Honor:

My name is Ernest J. Naspretto. I am a retired New York City police captain. I am also an affiliate police instructor for the Penn State Justice and Safety Institute, where I conduct leadership training seminars for various police departments throughout Pennsylvania, New Jersey, Delaware and West Virginia. I take a great deal of pride in my law enforcement background, my former career and my current assignments assisting police departments in providing supervision and leadership guidance. I explain my background in hopes that you find my perspective and opinions credible and grounded in the spirit of justice.

I humbly request that William Pazienza not be sentenced to any term of incarceration. I have known this man as "Willie" for approximately ten years. I consider him a friend. While I am not minimizing the crime for which he has pled guilty, I am imploring you to consider some facts about this man. Although he *never* speaks about it, Willie saw very heavy action for two years in Vietnam. I know this through his son and mutual friends. He served this nation bravely and honorably. He always maintains a level disposition and is, quite frankly, a voice of reason among many in his social circle, including myself, who at times are quick to express one sided views and opinions. He is a loving father who instills strong family values.

I also request that you consider that this case is now two years old. Willie has totally complied with all restrictions and rules relating to his release pending final court disposition. Relative to the punitive and deterrent aspect of his impending sentence, please consider that since his arrest, this man has had to endure some personal hardships relating to his marriage, a substantial financial burden between lawyer costs and loss of income, and the mental anguish of dealing with the uncertainty of this case's final disposition. Punishment has been ongoing since the onset of this case.

As a taxpayer, I must also suggest that incarceration and its ensuing costs simply are not pragmatic. I cannot see how "society" is protected by incarcerating someone like Willie Pazienza. Based on his demeanor and his reputation among virtually all people who know him, I think it is a safe and reasonable assumption that he will not engage in any future illegal activities. If I did not strongly believe that, I would not be writing this letter.

As previously indicated above, Willie is a low key, private individual. He probably would not appreciate that I divulged some of the above facts relating to his personal situation, but I feel it is imperative that you know this man is not someone who should be separated from society for fear of recidivist criminal activity. I can definitely think of many individuals I came across throughout my police career who should have been imprisoned for a long time but were not. Willie Pazienza is NOT one of those individuals.

Thank you for taking the time to read this letter. I sincerely hope it assists you in some way in making your final determination.

I can be reached at 917-699-1518 if you wish for me to expound on anything contained herewith.

Sincerely,

Ernest J. Naspretto



| | | |
|---|---|---|
| **DISTRICT OFFICES:**<br>93-06 101st Avenue<br>Ozone Park, NY 11416<br>(718) 738-1083<br><br>115-06 Beach Channel Drive, Suite 103<br>Rockaway Park, NY 11694<br>(718) 318-6411<br>eulrich@council.nyc.gov | THE COUNCIL OF<br>THE CITY OF NEW YORK<br><br>**ERIC A. ULRICH**<br><br>COUNCIL MEMBER<br>32ND DISTRICT • QUEENS | **CHAIRMAN**<br>VETERANS<br><br>**COMMITTEES**<br>ENVIRONMENTAL PROTECTION<br>HOUSING & BUILDINGS<br>RECOVERY AND RESILIENCY<br>SMALL BUSINESS |

February 10, 2014

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Marrero:

I am writing this letter on behalf of Mr. William Pazienza in connection with his sentencing on Friday, February 21, 2014. Mr. Pazienza pleaded guilty to racketeering and other related offenses and will accept responsibility for these crimes later next week. However, I wish to bring to the court's attention my opinion of him prior to these proceedings.

I have known the defendant for the past seven years and consider him a personal friend. On more than one occasion, I have witnessed his fatherly-like demeanor and overall good character. In my honest estimation, Mr. Pazienza is a kind person and devoted family man. In fact, my regular conversations with him revolve around his concern for the well-being of his children and other relatives. This, I believe, is the true measure of a man. Mr. Pazienza is also a very good friend to many. He is the type of person who will go out of his way to help someone in need and is always there to listen or give good advice and not ask for anything in return. I know that upon accepting responsibility for the charges he is facing, he will be sorely missed.

Thank you for your time and consideration.

Sincerely,

*Eric A. Ulrich*

Eric A. Ulrich

D



LAW OFFICES OF
**ARCIA & ASSOCIATES**
82-17 Roosevelt Avenue, 2nd Floor
Jackson Heights, New York 11372
Telephone (718) 651-4363 * Fax (718) 651-4369

*E. Abel Arcia – NY, NJ & DC*
*Marina Ostrovskaya – NY*
*Andrea Vasquez – NY, MA & CT*

February 11, 2014

United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
Attn: Honorable Victor Marrero
500 Pearl Street
New York, NY 10007-1312

**Re:   William Pazienza, Sr.**        Docket #:  S1 11 CR 614-02 (VM)

Dear Honorable Justice Marrero,

About a year ago I noticed an elderly and intriguing fellow smoking a cigar. During the next few months, something about him kept grabbing my attention. He seemed deeply in touch with the small nuances and details that affected those around him: a nice smile to a stranger, a caring moment of eye-to-eye contact, a selfless gesture to acquaintances or strangers, regardless of ethnicity, race and particularly notable to me, regardless of socio-economical appearance.

After a few months, I learned his first name. I also heard that he was a defendant in a penal case. I minded my own business and chose to ask no questions. Recently I overheard some people say he was approaching sentencing.

I am a 51 year old former Brooklyn Prosecutor who has been in private general practice for almost 20 years and I have never before written to a Judge on behalf of a defendant I neither accused or defended. I feel compelled to explain why I am doing this.

A few weeks ago, I was silently smoking a cigar and simultaneously observing and analyzing this elderly man, Mr. Pazienza. I had seen him now for several months and I was very, very moved by the way he treated his sons and the way they treated him. I was impressed by his 20 year old son, Vincent, who seems so energetic, sharp, friendly and caring. That seemed to me like a testament of his father's attributes and dedication.



   I silently enjoyed my cigar and noticed the care and devotion to people that Mr. Pazienza displayed. He seemed to offer joy and tenderness to everyone around him. I found that attitude intriguing. The more attention I paid, the more I understood that this old man was in a very serene state in which he was at peace with the world after having taken a good look at hell. I was looking at what a born-again man would look like. I decided to approach him and I did. I simply said "you don't know me but I heard you are being sentenced for something and I have been watching you. I would like to write a letter to the Judge about you." At first, he seemed surprised but he agreed and this is my letter.

   Since making my offer, I googled his name and read a bit about the case he's being sentenced on. I am unable to address the case and I am unaware of anything other than what's on the internet. But I know that Your Honor is sentencing this man and that my insight may help you decide what is appropriate. This man is helping those who have eyes and who believe in the power of rehabilitation. This man has moved me and has awakened the faith in good and in our system. I respectfully request that Your Honor consider a non-jail sentence for this elderly man as I have witnessed strong positive traits in him that are of benefit to our society.

   I thank you so much for your kind consideration.

                      Sincerely yours,

                       **ARCIA & ASSOCIATES**

                     By: E. Abel Arcia, Esq.